**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

**HASSAN SAAFAN,**

     Plaintiff,

          v.

**MEMORIAL SLOAN-KETTERING**
**CANCER CENTER,**

     Defendant.

------------------------------------------------------------X

**FIRST AMENDED**
**COMPLAINT**

**JURY TRIAL**
**DEMANDED**

Index No.
07-CV-2605 (WHP)
ECF CASE

     Plaintiff, Hassan Saafan, by and through undersigned counsel, states and alleges as follows:

## PRELIMINARY STATEMENT

    1.     This is a civil action seeking monetary relief (including past and ongoing economic loss), injunctive relief, declaratory judgment, compensatory and punitive damages, disbursements, costs and fees for violations of Plaintiff's constitutional and statutory civil rights, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (as amended) ("Title VII"), Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (as amended) ("ADEA"), Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, ("Title VI"), 42 U.S.C. § 1981, New York Executive Law § 296 *et seq.*, and New York City Administrative Code § 8-107 *et seq.*

    2.     Specifically, Plaintiff Hassan Saafan, a Muslim Arab of Egyptian origin, alleges that the Defendant did negligently, wantonly, recklessly, intentionally, and knowingly seek to and wrongfully deprive Plaintiff of equal terms and conditions of employment, by way of disparate treatment based on race, age, religion, and/or national origin and opposition to discriminatory practices in relation to a seventeen year history of

continuous and ongoing denied promotions, unequal wage compensation, hostile work environment, and retaliation.

## JURISDICTION AND VENUE

3.     Plaintiff's claims arise under 42 U.S.C. § 2000e *et seq.*, of Title VII and 29 U.S.C. § 621 *et seq.*, of the ADEA.  The jurisdiction of this Court over Plaintiff's claims is based on 29 U.S.C. § 626c(1) and 42 U.S.C. § 2000e-5(f)(3); 28 U.S.C. §§ 1331 and 1343.

4.     This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, as Plaintiff's federal and state law claims arise from a common nucleus of operative facts and are so intertwined as to make the existence of supplemental jurisdiction over the state law claims appropriate.

5.     Venue in the Southern District of New York is proper under 28 U.S.C. § 1391, because this is the district in which all of the events giving rise to the causes of action took place and where Defendant has its principal place of business.

6.     Prior   hereto,   on   August   16,   2006,   Plaintiff   filed   a   Charge   of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No.:  520-2006-03416, against Memorial Sloan-Kettering Cancer Center, alleging that he was passed over for promotion for years and received inequitable compensation, due to the Defendant's discrimination based on race, religion, ethnicity, national origin and age.

7.     On January 31, 2007, a Notice of Right-to-Sue was issued by the EEOC with regard to EEOC Charge No. 520-2006-03416.  Plaintiff Saafan brings this action within ninety (90) days of the receipt of the Notice of Right-to-Sue letter issued by the EEOC, a true and accurate copy of which is attached hereto.

8.      Plaintiff complied with the requirements of N.Y.C. Admin. Code § 8-502(c). A copy of the complaint was served on the New York City Commission on Human Rights and the New York City Corporation Counsel.

## PARTIES

9.      Plaintiff Hassan Saafan (hereinafter "Saafan") is a 58-year-old Muslim Arab male of Egyptian national origin. He resides at 638A Laurel Avenue, Holmdel, NJ 07733. To date, Plaintiff has been employed by the Memorial Sloan-Kettering Cancer Center for approximately seventeen years.

10.     Defendant Memorial Sloan-Kettering Cancer Center is a corporation existing under the laws of the State of New York with its principal place of business located at 1275 York Avenue, New York, New York, 10021. Defendant Memorial Sloan-Kettering Cancer Center is the recipient of federal financial assistance. At all times relevant to this complaint, Defendant Memorial Sloan-Kettering Cancer Center was acting through the conduct of its officers, agents and employees.

## FACTS

11.     On September 23, 1990, Plaintiff Saafan was hired as the Evening Supervisor of the Building Services Department now known as the Environmental Services Department for Memorial Sloan-Kettering Cancer Center.

12.     In 1995, Plaintiff Saafan became a night shift supervisor.

13.     At all times during Plaintiff's now seventeen (17) years of employment with Memorial Sloan-Kettering Cancer Center, Plaintiff has performed his job in an above satisfactory manner, has maintained good attendance and has a clean disciplinary record.

14.     Since 1990, Plaintiff has handled more employees and more square footage of Memorial Sloan-Kettering Cancer Center's campus than any other night-shift supervisor.

15.     Additionally, unlike the two other night-shift supervisors, Plaintiff had acquired four years of hospital experience prior to his employment at Defendant Sloan-Kettering Cancer Center.

16.     Since 1993, it has been Defendant's policy and practice to wrongfully deny Plaintiff a promotion.

17.     On at least three occasions, once in 2004 and twice in 2006, Plaintiff was wrongfully denied a promotion or was wrongfully denied consideration for a promotion to the positions of assistant director and manager.

18.     Each time, other younger non-Muslim, non-Arab individuals with less experience, seniority and fewer qualifications were promoted instead.

19.     Plaintiff has the skills, ability, seniority and qualifications for such positions.

20.     In 2004, Richard Sepulveda, a non-Muslim Hispanic younger in age, less qualified and who possesses less seniority and less credentials than Plaintiff Saafan was promoted to Manager for a position that was not advertised.

21.     In February 2006, Jose Casa, a non-Muslim Hispanic who is younger, less-experienced, less qualified and who possesses less seniority than Plaintiff Saafan was promoted to Assistant Director for a position that was not advertised.

22.     On or about February 8, 2006, Plaintiff Saafan inquired into why these positions were not advertised.

23.    In February 2006, two manager positions were posted.

24.    On or about February 15, 2006, Plaintiff Saafan applied for and was interviewed by Mr. Casa and Mr. Schoen for both of these positions.

25.    Mr. Ruben Lopez, a non-Muslim Hispanic younger, less qualified and with less seniority than Plaintiff Saafan was promoted to one of these manager positions.

26.    Upon information and belief, the remaining position has remained vacant and Plaintiff Saafan has not been promoted.   Instead he was later asked to interview another candidate for this same vacant manager position.

27.    Plaintiff Saafan was repeatedly denied said promotions or denied consideration for said promotions.

28.    Defendant offered no legitimate, non-discriminatory reason or justification for promoting these younger, non-Muslim, non-Arab or non-Egyptian employees ahead of the more senior and more qualified Plaintiff.

29.    Upon information and belief, Defendant has not promoted Plaintiff, despite his qualifications, in retaliation for his filing prior complaints.

30.    Since 1995, it has been Defendant's policy and practice to wrongfully downgrade or assign a lower performance evaluation than Plaintiff earned.

31.    Henry Schoen is a white male and at all times relevant to this complaint, served/serves as Director of Building Services of Defendant Memorial Sloan-Kettering Cancer Center.  Mr. Schoen was acting within the purposes and scope of his employment and his acts and conduct as alleged herein were known to, authorized, and ratified by Defendant Memorial Sloan-Kettering Cancer Center.

32.     Defendant's employees, specifically Mr. Schoen, have repeatedly harassed Plaintiff by repeatedly giving him lower scores on his evaluations than his work deserves.

33.     As a result, Plaintiff filed several grievances to restore his evaluations to the proper level and receive accompanying pay raises.

34.     In 2005, Mr. Sepulveda, Plaintiff Saafan's supervisor gave him an "exceeds expectations" rating.

35.     Within days, Mr. Schoen downgraded it to a "meets expectations" rating.

36.     Plaintiff Saafan filed and won a grievance to raise his evaluation and received a corresponding pay raise.

37.     Defendant has also engaged in a consistent pattern, practice and policy of creating a hostile work environment for Plaintiff Saafan, including wrongfully lowering his evaluations, creating conflict between Plaintiff and his co-workers and not redressing acts of hostility and discrimination conducted by Defendant's employees against Plaintiff.

38.     Since 1997, all employees, except for Plaintiff, were awarded increases to their salaries.

39.     On or about October 1998, Plaintiff complained to Defendant of disparities in his salary as night shift supervisor since he was paid half an hour less than other supervisors.

40.     Several years after Plaintiff's complaint, on or about December 2001, Mr. Schoen reduced the salaries of other supervisors by half an hour per day.

41.     Upon information and belief, acting consistently with Defendant's policy to harass and intimidate Plaintiff, Mr. Schoen blamed Plaintiff Saafan for this reduction

in salary by informing the other supervisors that "[T]hanks to Hassan, his complaint caused you a half hour daily deduction from the night differential as a Christmas gift."

42.     As a result, Plaintiff Saafan has been subjected to hostility and contempt by other supervisors for the reduction in their salaries.

43.     Additionally, Defendant continued to harass Plaintiff by not redressing an act of hostility against Plaintiff Saafan by another employee.

44.     On or about November 29, 2005, Ms. Nero, Plaintiff's co-employee, made hostile and derogatory statements at and about Plaintiff Saafan in the presence of other employees.

45.     Upon information and belief, Ms. Nero shouted obscenities and used curse words at Plaintiff Saafan in the present of other employees for half an hour.

46.     Upon information and belief, Ms. Nero yelled, "I am not your wife.  My face is not wrapped in cloth."

47.     As a result, Plaintiff Saafan was humiliated and subjected to insult and ridicule on the basis of his race, religion, and/or national origin.

48.     Upon information and belief, Defendant had, prior to this incident, fired employees for cursing profanities at their co-workers.

49.     Upon information and belief, Plaintiff Saafan and other employees informed Defendant of this act of racial and religious hostility and discrimination.

50.     Defendant did not discipline Ms. Nero in accordance with Defendant's stated policy and past practice.

51.    Upon information and belief, instead of enforcing a zero-tolerance policy against hostile language and racial and religious insults, Defendant rewarded Ms. Nero for her discriminatory conduct.

52.    Upon information and belief, Defendant gave Ms. Nero a higher yearly evaluation the following year and selected her to be the dedicated employee of the department.

53.    Upon information and belief, by honoring Ms. Nero, Defendant continued its practice of treating Mr. Saafan differently from other employees because of his race, religion, national origin and creating a hostile work environment for Plaintiff.

54.    On or about July 2006, both Plaintiff Saafan and Mr. Yefim Shvartsmen complained that they were being paid less than other supervisors.

55.    On or about July 18, 2006, Ms. Altman responded in writing to Mr. Shvartsmen.

56.    Esther Altman is a white female and at all times relevant to this complaint served/serves as Manager of Employee Relations at Memorial Sloan-Kettering Cancer Center. Ms. Altman was acting within the purposes and scope of her employment and her acts and conduct, as alleged herein, were known to, authorized, and ratified by Defendant Memorial Sloan-Kettering Cancer Center.

57.    Upon information and belief Ms. Altman, however, in a continued act of discrimination and disparate treatment, refused to respond in writing to Plaintiff.

58.    When reviewing Plaintiff's claim, Defendant demanded that Plaintiff provide a rewritten resume dating back thirty years ago while other employees were permitted to communicate their credentials verbally to Defendant.

59.    Prior to 1997, Plaintiff earned significantly more than the other supervisors.

60.    However, between 1997 and 2006, Defendant has constantly increased other supervisors' salaries at a greater rate than it increased Plaintiff's salary.

61.    Upon information and belief, during this time period, Defendant did not provide Plaintiff with comparable pay raises due to Plaintiffs religion, ethnicity and national origin,

62.    On or about July 2006, Plaintiff complained that he was earning less than other supervisors.

63.    On or about July 1, 2006, Defendant ultimately increased Plaintiff's annual salary by over $1500.00.

64.    As a result, Plaintiff's salary is now comparable with the salary of other supervisors.

65.    Nevertheless, his current salary is still far lower than that to which he was entitled.

66.    Plaintiff is more senior and posses more experience and education than those who receive the same salary as Plaintiff.

67.    Upon information and belief, Defendant did not adjust Plaintiff's salary to the level Plaintiff is entitled to due to Plaintiffs religion, ethnicity and national origin,

68.    On or about June 7, 2006, in a letter to Defendant, Plaintiff's counsel addressed Plaintiff Saafan's concerns regarding Defendant's discrimination in its failure to promote Plaintiff Saafan and his inequitable wage compensation.

69.    On or about June 21, 2006, after Plaintiff's counsel addressed his concerns to Defendant, Mr. Ruben Lopez, in retaliation, shouted at Plaintiff Saafan the following remark: "if you don't like the job here, you can go."

70.    Upon information and belief, Plaintiff Saafan informed Mr. Casa and Ms. Altman of Mr. Lopez's retaliatory remark.

71.    On August 16, 2006, Plaintiff filed a charge of discrimination with the EEOC.

## COUNT I
## EMPLOYMENT DISCRIMINATION

72.    Plaintiff repeats and re-alleges paragraphs 1 through 71 as though fully set forth herein.

73.    Defendant Memorial Sloan-Kettering Cancer Center, through its agents, employeeś, and officers, discriminated against Plaintiff in his employment when it denied him opportunities for advancement, treated him disparately with regards to compensation and other conditions of his employment, retaliated against him, and engaged in a pattern and practice which created a hostile environment.

74.    Defendant lacked any business reason or justification for their aforesaid disparate treatment of Plaintiff, and instead subjected Plaintiff Saafan to the above-described adverse employment actions, based on Plaintiff Saafan's race, religion, age and/or national origin.

75.    Defendant Memorial Sloan-Kettering Cancer Center's conduct violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, N.Y. Exec. Law § 296(a) and the Administrative Code of the City of New York §§ 8-107 *et seq.*

76.    Defendant failed to comply with their statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from re-occurring in the future.

77.    As a direct result of said acts, Plaintiff Saafan has suffered and continues to suffer loss of income, including back pay, loss of other employment benefits, loss of career opportunities, and has suffered and continues to suffer emotional damage, including distress, humiliation, isolation and embarrassment.

## COUNT II
## FAILURE TO PROMOTE

78.    Plaintiff repeats and re-alleges paragraphs 1 through 77 as though fully set forth herein.

79.    Plaintiff Saafan had the qualifications, skills, experience and seniority to be promoted, however, each time a promotion went to younger non-Arab, non-Egyptian, non-Muslim employees in violation of Title VII, 42 U.S.C. § 2000e *et. seq.*, 42 U.S.C. § 2000e, N.Y. Exec. Law § 296 *et seq.*, and N.Y.C. Admin. Code § 8-107 *et seq.*

80.    Plaintiff Saafan was wrongfully denied promotions in 2004 and twice in February 2006.

81.    Defendant Memorial Sloan-Kettering Cancer Center, through the actions of its agents and employees, intentionally and willfully, failed to promote Plaintiff solely on the basis of his religion, race and/or national origin and age.

82.    As a direct result of said acts, Plaintiff Saafan has suffered and continues to suffer loss of income, including back pay, loss of other employment benefits, loss of

career opportunities, and has suffered and continues to suffer emotional damage, including distress, humiliation, isolation and embarrassment.

## COUNT III
## HOSTILE WORK ENVIORNEMENT

83.     Plaintiff repeats and re-alleges paragraphs 1 through 82 as though fully set forth herein.

84.     Defendant Memorial Sloan-Kettering Cancer Center, through the actions of its agents and employees, created a hostile and abusive work environment for Plaintiff Saafan.

85.     Defendant's employee, Mr. Schoen repeatedly downgraded Plaintiff's job evaluations.

86.     Plaintiff had to continuously file grievances in order to receive the score his performance deserved.

87.     When Ms. Nero verbally attacked Mr. Saafan and made derogatory statements regarding his religion, Defendant did not apply the standards and practice it applied in past similar instances.    Instead, Defendant rewarded Ms. Nero shortly thereafter.   The cumulative effect of Defendants' conduct was to intimidate and insult Plaintiff Saafan sufficiently to alter his employment conditions.

88.     As a direct result of said acts, Plaintiff Saafan has suffered and continues to suffer loss of income, including back pay, loss of other employment benefits, loss of career opportunities, and has suffered and continues to suffer emotional damage, including distress, humiliation, isolation and embarrassment.

**COUNT IV**
**DISPARATE TREATMENT**

89.     Plaintiff repeats and re-alleges paragraphs 1 through 88 as though fully set forth herein.

90.     Defendant Memorial Sloan-Kettering Cancer Center, through the actions of its agents and employees, intentionally and willfully treated Plaintiff less favorably than other similarly situated employees on account of his religion, race and/or national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, N.Y. Exec. Law § 296(a) and N.Y.C. Admin. Code § 8-107(a).

91.     Defendant Memorial Sloan-Kettering Cancer Center lacked any business reason or justification for its disparate treatment of Plaintiff, and instead subjected Plaintiff Saafan to the above-described adverse employment actions, based on his race, creed, age, and/or national origin by failing to promote Plaintiff, creating a hostile work environment and by retaliating against Plaintiff for filing grievances.

92.     Defendant treated Plaintiff differently when it requested that he provide a rewritten resume providing information dating thirty years back while other similarly situated employees were not asked to do so.

93.     Defendant treated Plaintiff differently when it refused to adjust Plaintiff's salary to reflect the same pay increases that it provided other supervisors.

94.     As a direct result of said acts, Plaintiff Saafan has suffered and continues to suffer loss of income, including back pay, loss of other employment benefits, loss of career opportunities, and has suffered and continues to suffer emotional damage, including distress, humiliation, isolation and embarrassment.

13

## COUNT V
## RETALIATION

95.     Plaintiff repeats and re-alleges paragraphs 1 through 94 as though fully set forth herein.

96.     Plaintiff Saafan was subjected to adverse employment action because he complained about his wage disparity to Defendant Memorial Sloan-Kettering Cancer Center, objected to the downgrading of his evaluations and filed a complaint with the EEOC alleging discrimination.

97.     After Plaintiff filed his complaint with the EEOC, Defendant repeatedly refused to address Plaintiff's rightful wage compensation package dating back to 1997, when it finally did, it paid him far less than what was paid to other supervisors with fewer qualifications, less credentials and who possessed less seniority.

98.     With the intent to retaliate against Plaintiff for filing his complaint with the EEOC, Defendant through the conduct of its employees, officers and agents has sought to isolate Plaintiff and cease interpersonal and social contact with him.

99.     Defendant's retaliatory conduct violated Title VII, 42 U.S.C. § 2000e, N.Y. Exec. Law § 296(7) and the N.Y.C. Admin. Code § 8-107 *et seq*.

100.    After Plaintiff filed several grievances with Defendant and his counsel sent a letter to Defendant addressing his denied promotions and wage disparity as a result of Defendant's discriminatory intent, Mr. Ruben Lopez, Plaintiff's co-employee screamed at Plaintiff informing him that "[i]f you don't like the job here, you can go."

101.    Upon information and belief, by responding to Mr. Shvartsmen in writing and refusing to respond to Plaintiff in writing, Ms. Altman was retaliating against Plaintiff Saafan for making allegations of discrimination against Defendant.

102.    Defendant has repeatedly refused to promote Plaintiff or consider him for promotion despite the fact that he is qualified in retaliation for Plaintiff filing complaints regarding the terms and conditions of his employment.

103.    As a result of the foregoing, Defendant Memorial Sloan-Kettering Cancer Center through the actions of its employees, officers and agents engaged in the unlawful, deliberate and discriminatory practice of retaliating against Plaintiff Saafan because of Plaintiff's opposition to Defendant's unlawful employment practices.

104.    As a direct result of said acts, Plaintiff Saafan has suffered and continues to suffer loss of income, including back pay, loss of other employment benefits, loss of career opportunities, and has suffered and continues to suffer emotional damage, including distress, humiliation, isolation and embarrassment.

## COUNT VI
## 42 U.S.C. § 1981

105.    Plaintiff repeats and re-alleges paragraphs 1 through 104 as though fully set forth herein.

106.    The above-referenced conduct was part of a pattern and practice of intentional discrimination on the basis of Plaintiff's race, religion and national origin by Defendant Memorial Sloan-Kettering Cancer Center.

107.    The unlawful, discriminatory conduct mentioned herein interfered with Plaintiff Saafan's contractual employment relationship with Defendant Memorial Sloan-Kettering Cancer Center and denied him the rights and privileges guaranteed to him under 42 U.S.C. § 1981.

108.    As a direct result of said acts, Plaintiff Saafan has suffered and continues to suffer loss of income, including back pay, loss of other employment benefits, loss of career opportunities, and has suffered and continues to suffer emotional damages, including distress, humiliation, isolation and embarrassment.

## COUNT VII
## AGE DISCRIMINATION

109.    Plaintiff repeats and re-alleges paragraphs 1 through 108 as though fully set forth herein.

110.    On at least three separate occasions, Plaintiff was willfully and deliberately denied promotions by Defendant Memorial Sloan-Kettering Cancer Center without any legitimate business justification.

111.    The result was that said promotions went to younger, less-qualified, non-Arab, non-Egyptian, non-Muslim employees.

112.    Defendant's motivating factor and the basis for its discrimination was Plaintiff Saafan's age.

113.    Defendant knowingly and willfully discriminated against Plaintiff on the basis of his age in violation of the ADEA, 29 U.S.C. § 621 *et seq.*, N.Y. Exec. Law § 296 *et seq.*, and N.Y.C. Admin. Code § 107 *et seq.*

114.    As a proximate result of the acts and conduct alleged herein, Plaintiff seeks liquidated damages as a result of Defendant Memorial Sloan-Kettering Cancer Center's willful violation of the ADEA.

115.    As a direct result of said acts, Plaintiff Saafan has suffered and continues to suffer loss of income, including back pay, loss of other employment benefits, loss of

career opportunities, and has suffered and continues to suffer emotional damages, including distress, humiliation, isolation and embarrassment.

## COUNT VIII
## TITLE VI (42 U.S.C. § 2000d)

116.    Plaintiff repeats and re-alleges paragraphs 1 through 115 as though fully set forth herein.

117.    Defendant Memorial Sloan-Kettering Cancer Center is a recipient of federal financial assistance and as a result is covered by Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d) which prohibits federally-funded entities from discriminating on the basis of race, color, or national origin

118.    Defendant, through its employees, agents and officers violated Title VI and discriminated against Plaintiff Saafan by treating him differently than other similarly situated employees solely on the basis of his race, religion, color, national origin and his age.

119.    Defendant failed to promote Plaintiff Saafan despite his qualifications, denied him equitable compensation, retaliated against him and forced him to file several grievances after intentionally downgrading his evaluations based on his race religion, color, national origin and age.

120.    As a direct result of said acts, Plaintiff Saafan has suffered and continues to suffer loss of income, including back pay, loss of other employment benefits, loss of career opportunities, and has suffered and continues to suffer emotional damages, including distress, humiliation, isolation and embarrassment.

## COUNT IX
## CONSPIRACY TO DISCRIMINATE

121.    Plaintiff repeats and re-alleges paragraphs 1 through 120 as though fully set forth herein.

122.    Upon information and belief, Defendant's employees, officers and agents, having conspired with each other, reached a mutual understanding and acted to undertake a course of conduct that violated Plaintiff's civil right to be free from discrimination in the terms and condition of his employment in violation of N.Y. Exec. Law § 296(6).

123.    Upon information and belief, Defendant's employees, officers and agents conspired to discriminate against Plaintiff Saafan on the basis of his race, religion, age and/or national origin by repeatedly and wrongfully downgrading his performance evaluations and making false and hostile statements about Plaintiff to Defendant's employees, officers, and agents which statements were calculated to diminish Plaintiff's reputation and standing among his peers.

124.    Upon information and belief, in 2006, Ms. Nero, despite making racial and religious slurs against Plaintiff, was given a higher yearly evaluation than in other years past, was given a huge amount of overtime work, and was chosen to be the dedicated employee of the department.

125.    Upon information and belief, Defendant's honoring of Ms. Nero served to reward her for her intentional, deliberate and egregious racial and religious slurs against Plaintiff.

126.    Upon information and belief, Mr. Schoen and Ms. Altman, through the actions set forth in the preceding paragraphs, did aid and abet one another in permitting, condoning, and helping to execute the aforesaid pattern and practice by Defendant

Memorial Sloan-Kettering Cancer Center of discrimination based on race, creed, age and/or national origin in employment, denied advancements or job opportunities, inequitable pay, retaliation and unequal terms and conditions of employment to which Plaintiff Saafan was subjected.

127.    As a direct result of said acts, Plaintiff Saafan has suffered and continues to suffer loss of income, loss of other employment benefits, loss of career opportunities, and has suffered and continues to suffer emotional damages, including distress, humiliation, isolation and embarrassment.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing allegations, Plaintiff Saafan respectfully requests this Court grant the following relief:

(a) Award Plaintiff Saafan such other relief as may be necessary and proper and to which he is otherwise entitled pursuant to the ADEA, 29 U.S.C. § 621 *et  seq.;* and retaliation prohibited by law;

(b) Award Plaintiff Saafan such other relief as may be necessary and proper and to which he is otherwise entitled pursuant to Title VII, 42 U.S.C. § 2000e *et seq.*, as amended; and retaliation prohibited by law;

(c) Award Plaintiff Saafan such other relief as may be necessary and proper and to which he is otherwise entitled pursuant to Title VI, 42 U.S.C. § 2000d *et seq.*;

(d) Grant a permanent injunction enjoining Defendant Memorial Sloan-Kettering Cancer Center, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in discrimination in violation of the ADEA, as amended; Title VII,

as amended; Title VI; and 42 U.S.C. § 1981; New York Executive Law § 297(4)(c)(i); and New York City Administrative Code 8-502(a);

(e) Award Plaintiff Saafan a judgment for actual and compensatory damages for violations of the provisions of the ADEA; and liquidated damages, as provided by the ADEA, 29 U.S.C. § 626(b);

(f) Award Plaintiff Saafan a judgment for compensatory damages against Defendant to further compensate Plaintiff Saafan for the damages and loss that he has sustained as a result of the acts and conduct of Defendant, including damages for lost income, growth opportunities, and all benefits lost due to the actions of Defendant including for mental anguish, loss of dignity, humiliation, and injury of livelihood in an amount that is fair, just, and reasonable, to be determined at trial, as provided in 42 U.S.C. § 2000e, 42 U.S.C. § 1981, New York Executive Law § 297(4)(c)(iii), N.Y.C. Admin. Code § 8-502;

(g)   Award Plaintiff Saafan any and all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to back pay and pension benefits as provided under 42 U.S.C. § 2000e-5(g)(1); N.Y. Exec. Law § 297(4)(c)(ii); N.Y.C. Admin. Code § 8-120(a);

(h) Award Plaintiff Saafan a promotion to the position of manager or assistant director under 42 U.S.C. § 2000e-5(g) (1), 29 U.S.C. § 626(b), N.Y. Exec. Law § 297(4) (c) (ii); N.Y.C. Admin. Code § 8-120(a);

(i) Award Plaintiff Saafan such punitive damages for the wrongful conduct of Defendant as the trier of facts determines is just and proper under 42 U.S.C. § 1981, 42 U.S.C. § 1981a, N.Y.C. Admin. Code § 8- 502(a);

(j) Award Plaintiff Saafan any and all costs, including expert fees, attorneys' fees under 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k), N.Y.C. Admin. Code § 8-502(f);

(k) Award Plaintiff Saafan prejudgment interest; and

(l) Award Plaintiff Saafan all such other and further relief as the Court deems appropriate.

**<u>JURY TRIAL DEMAND</u>**

Plaintiff hereby demands a trial by jury on all issues in this action that are so triable.

Respectfully submitted,

Omar T. Mohammedi (OTM 7234)
Law Firm of Omar T. Mohammedi, LLC
233 Broadway, Suite 801
Woolworth Building
New York, NY 10279

Dated: New York, New York
       September 12, 2007